1  Joshua D. Buck, Nev. Bar No. 12187
2  josh@thiermanbuck.com
   Leah L. Jones, Nev. Bar No. 13161
3  leah@thiermanbuck.com
   THIERMAN BUCK
4  325 W. Liberty Street
   Reno, Nevada 89501
5  Tel. (775) 284-1500
   Fax. (775) 703-5027
6
7  ATTORNEYS FOR PLAINTIFF
   AND ALL SIMILARLY SITUATED INDIVIDUALS
8
                    UNITED STATES DISTRICT COURT
9
                         DISTRICT OF NEVADA
10
   TAYLOR STUBBINS, on behalf of herself          Case No.:
11 and all other similarly situated individuals,
                                                  **COLLECTIVE AND CLASS ACTION
12             Plaintiff,                          COMPLAINT**

13     vs.                                         1) Failure to Pay Overtime in Violation of 29
                                                      U.S.C. § 207;
14 SPRING VALLEY HOSPITAL
   MEDICAL CENTER; VALLEY HEALTH             2) Failure to Pay Minimum Wages in
15 SYSTEMS, INC.; UNIVERSAL HEALTH              Violation of the Nevada Constitution and
   SERVICES, INC., and DOES 1 through           NRS 608.250;
16 50, inclusive,
                                             3) Failure to Compensate for All Hours
17             Defendant(s).                    Worked in Violation of NRS 608.140 and
                                                608.016;
18
                                             4) Failure to Pay Overtime in Violation of
19                                              NRS 608.140 and 608.018; and
20                                           5) Failure to Timely Pay All Wages Due and
                                                Owing in Violation of NRS 608.140 and
21                                              608.020-050.
22                                           **JURY TRIAL DEMANDED**
23         COMES NOW Plaintiff TAYLOR STUBBINS ("Plaintiff"), on behalf of herself and all
24 other similarly situated and typical persons, and alleges the following:
25         All allegations in this Complaint are based upon information and belief except for those
26 allegations that pertain to the Plaintiff named herein and her counsel.  Each allegation in this
27
28

THIERMAN BUCK
325 W. Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com  www.thiermanbuck.com

THIERMAN BUCK
325 W. Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## JURISDICTION AND VENUE

1.      This Court has original jurisdiction over the federal claims alleged herein pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 216(b), which states: "An action to recover the liability prescribed in the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

2.      This Court has original jurisdiction over the state law claims alleged herein pursuant to the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d)(2), because: (i) the aggregate amount in controversy for the state law class claims exceeds $5,000,000.00, (ii) there are more than 500 state law class members, and (iii) at least one state law class member is diverse from Defendants.

3.      This Court also has supplemental jurisdiction over the state law claims alleged pursuant to 28 U.S.C. § 1367 because the state law claims alleged herein all arise out of the same transaction and occurrence (*i.e.*, the failure to properly pay all wages due and owing for compensable work performed yet unpaid) and there is no conflict between the procedures applicable to the FLSA and State law claims. *See Busk v. Integrity Staffing Solutions, Inc.*, 713 F.3d 525, 528-30 (9th Cir. Nev. Apr. 12, 2013) ("In sum, we agree with the other circuits to consider the issue that the fact that Rule 23 class actions use an opt-out mechanism while FLSA collective actions use an opt-in mechanism does not create a conflict warranting dismissal of the state law claims." (reversed on other grounds)).

4.      A party seeking to recover unpaid wages has a private right of action pursuant to the Nevada Revised Statute ("NRS") Chapter 608. *See Neville v. Eighth Judicial Dist., Terrible Herbst, Inc.,* 133 Nev. 777, 783, 406 P.3d 499, 504 (2017) (recognizing that "The Legislature enacted NRS 608.140 to protect employees, and the legislative scheme is consistent with private causes of action for unpaid wages under NRS Chapter 608."); *HG Staffing, LLC v. Second Judicial District Court in and for County of Washoe*, 2020 WL 2306318, at *1 (May 7, 2020)

("In *Neville v. Eighth Judicial District Court*, 133 Nev. 777, 406 P.3d 499 (2017), we held, by necessary implication, that exhaustion of administrative remedies is not required before filing an unpaid-wage claim in district court.").

5.      Plaintiff also claims a private cause of action to foreclose a lien against the property owner for wages due pursuant to NRS 608.050.

6.      Plaintiff made a proper demand for wages due pursuant to NRS 608.140 on September 4, 2024.

7.      Venue is proper in this Court because one or more of the Defendants named herein maintains a principal place of business or otherwise is found in this judicial district, and many of the acts complained of herein occurred in Clark County, Nevada, which is located within this district.

## **PARTIES**

8.      Plaintiff TAYLOR STUBBINS ("Plaintiff" or "Plaintiff Stubbins") is a natural person who was employed by Defendants within the State of Nevada from on or about June 22, 2020 to January 16, 2024.

9.      Defendant SPRING VALLEY HOSPITAL MEDICAL CENTER ("Spring Valley") is a for-profit hospital owned by Universal Health Services and operated by Valley Health Systems, with its principal place of business at 5400 South Rainbow Blvd., Las Vegas, Nevada 89118.

10.      Defendant VALLEY HEALTH SYSTEM, LLC ("VHS") is a foreign limited-liability company, incorporated in Delaware.  VHS maintains a principal place of business at 2075 East Flamingo Road, Las Vegas, Nevada 89119.

11.      Defendant, UNIVERSAL HEALTH SERVICES, INC. ("UHS") is a domestic Delaware corporation.  UHS provides hospital and healthcare services and maintains a principal place of business at 367 South Gulph Road, King of Prussia, PA 19406.

12.      The identity of DOES 1-50 is unknown at this time, and this Complaint will be amended at such time when the identities are known to Plaintiff.  Plaintiff is informed and believes that each of the Defendants sued herein as DOE is responsible in some manner for the acts,

THIERMAN BUCK
325 W. Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com  www.thiermanbuck.com

omissions, or representations alleged herein and any reference to "Defendant," "Defendants," or "Spring Valley" or "VHS" or "UHS" herein shall mean "Defendants and each of them."

## FACTUAL ALLEGATIONS

### A.    The Parties

13.    Spring Valley is "part of the Valley Health System, a network of acute care and specialty hospitals, freestanding emergency departments, outpatient services, and physician practices that provide patient care throughout Las Vegas and Southern Nevada." *See https://www.springvalleyhospital.com/about* last visited 8/16/24.

14.    Spring Valley asserts that its "vision has been to be both the healthcare provider and employer of choice for the Las Vegas community." https://www.springvalleyhospital.com/about/ceo-welcome last visited 8/16/24.

15.    VHS "is an integrated system comprised of six (6) acute care hospitals, seven (7) freestanding emergency departments, and numerous primary care and specialty facilities located in Las Vegas and Southern Nevada."   https://www.valleyhealthsystemlv.com/about last visited 6/28/24.

16.    UHS is "one of the nation's largest and most respected providers of hospital and healthcare services, has more than 400 Acute Care hospitals, Behavioral Health facilities and ambulatory centers across the U.S., Puerto Rico and the U.K." https://uhs.com/about-universal-health-services/ last visited 6/28/24.

17.    Plaintiff Stubbins was employed by Defendants as a Registered Nurse (RN) in the Intermediate Care Unit ("IMC").  Plaintiff Stubbins was an hourly paid, non-exempt, non-union employee who earned $43.00 per hour at the time of termination.

18.    Plaintiff Stubbins' regular schedule was three (3) shifts a week, for 12.5 hours each shift, from 7:00 p.m. to 7:30 a.m.  She was also required to be available for extra shifts and work overtime when needed.  Plaintiff Stubbins recalls working more than forty (40) hours in a week on several occasions when she worked shifts greater than 12.5 hours as required due to staffing issues and/or workload.

THIERMAN BUCK
325 W. Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com  www.thiermanbuck.com

**THIERMAN BUCK**
325 W. Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com  www.thiermanbuck.com

### B.    Defendants' Quarter Hour Rounding Policy

19.    Defendants maintained a timekeeping policy whereby all non-exempt hourly paid employees would clock in and out via the KRONOS timekeeping system.  The clock in / out times were then used to calculate the hours worked for the payment of wages.  An employee would not be compensated for time worked if he/she was not clocked-in to KRONOS.

20.    Defendants' rounding policy ("Quarter Hour Rounding Policy") states, "Our payroll system automatically rounds to the nearest quarter hour.  Clocking in or out more than seven minutes prior to or after your scheduled start or end shift will result in your time rounding to the closest quarter hour.  For example, if your shift starts at 8 am: (a) 7:52 will round back to 7:45, 7:53 will round forward to 8:00, (b) 8:07 will round back to 8:00, 8:08 will round forward to 8:15." *See* Exhibit A, "Timekeeping Acknowledgement."

21.    Under both federal and state law, rounding is only permissible if the rounding policy does not deprive employees of pay for work performed.  Defendants' Quarter Hour Rounding Policy disadvantages employees and deprives them of wages for recorded hours worked because it deprives employees of pay for work performed.

22.    Plaintiff Stubbins routinely worked prior to the beginning of her regularly scheduled shift and after the end of her regularly scheduled shift, but due to Defendants' Quarter Hour Rounding Policy, the time spent working for Defendants was rounded off her time for pay purposes.

23.    In addition, when Plaintiff Stubbins worked more than forty (40) hours in a workweek, Defendants' Quarter Hour Rounding Policy operated to deprive Plaintiff of overtime premium pay for the workweek.

24.    Defendants and Defendants' agents were aware that Plaintiff Stubbins was working without compensation due to Defendants' Quarter Hour Rounding Policy.  Defendants tracked employee hours and thus Defendants records will show if time worked was improperly rounded off of employee time for pay purposes.

25.    All other employees employed by Defendants were subject to the same Quarter Hour Rounding Policy as Plaintiff.

THIERMAN BUCK
325 W. Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

26.    Accordingly, Plaintiff Stubbins is entitled to recover wages at her applicable wage rate, at the regular and/or overtime rate of compensation for all time impermissibly rounded off her time for herself and for all similarly situated employees.

**C.    Defendants' Employer-Provided Cerner Mobile Electronic Device Policy**

35.    Defendants maintained a policy whereby Plaintiff and all other similarly situated employees would retrieve an employer-provided mobile electronic device for employee use during the workday (hereinafter referred to as the "Cerner Mobile Device").

36.    Plaintiff and all other similarly situated employees were required to carry on their person the Cerner Mobile Device throughout their workday.

37.    When Plaintiff first began working for Defendants, she would collect a Cerner Mobile Device at the beginning of her shift.  Employees would use a sign-in/out sheet so that Defendants would know which Cerner Mobile Device each employee had in their possession. Plaintiff would then use her unique Cerner log-in credentials to sign in to the Cerner Mobile Device.  At the end of her shift, Plaintiff would use her unique Cernere credentials to sign out of the Cerner Mobile Device, then use the sign-in/out sheet to sign back in the Cerner Mobile Device for use by another employee.

38.    Prior to Plaintiff's separation of employment, the process changed whereby employees would hand off their Cerner Mobile Device to a colleague.  This hand off took place when the outgoing nurse would provide the incoming nurse with a pass down report of information about patients and other work-related issues at the end of the outgoing nurse's shift and prior to the beginning of the oncoming nurse's regularly scheduled shift start time.  Once the outgoing nurse signed out of the Cerner Mobile Device, Plaintiff would then use her unique Cerner log-in credentials to sign in to the Cerner phone.  Employees were strictly prohibited from sharing sign-in credentials.  If the outgoing nurse did not have a colleague to pass the Cerner Mobile Device to, the outgoing nurse would still log out of the Cerner Mobile Device and give it back to the Charge Nurse.

THIERMAN BUCK
325 W. Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

39.   In some instances, the Charge Nurse would send mass text messages on the Cerner Mobile Device to employees, instructing them to whom they should pass the device.

40.   Each employee had their own unique login credentials for the Cerner Mobile Device and were strictly prohibited from sharing their unique sign-in credentials.

41.   Defendants do not have any policy or procedure by which Plaintiff or other similarly situated employees could hand off, or turn off, the employer-provided Cerner Mobile Device during their shift.

42.   The employer-provided Cerner Mobile Device was used to communicate with co-workers, particularly physicians, nurses, and other medical staff, regarding patients under their care throughout Plaintiff's entire shift, including during meal periods and rest breaks.

43.   Plaintiffs and all other similarly situated employees were always monitoring their mobile electronic devices for alerts, notifications, patient emergencies, and physician calls, among other things.

44.   Defendants required all its employees to clock out for their meal periods during their workday.  Because Plaintiff and all other similarly situated employees were required to keep their employer provided Cerner Mobile Device on their person during their meal periods, Plaintiff and all other similarly situated employees were never completely relieved of duty.

45.   While Defendants did not require employees to clock out for purported rest breaks, Plaintiffs and all other similarly situated employees were also never completely relieved of duty during those purported rest breaks for the same reasons that they never received a bona fide duty-free meal period—i.e., they were always monitoring their mobile electronic devices for alerts.

**D.   Damages**

**1.   Overtime Premium.**

46.   As an example, a review of Plaintiff Stubbins' pay and clock records indicates for the week beginning April 14, 2021, Plaintiff was paid for 40 hours of work but worked 40.41 hours of work from April 14 to April 17, 2021.  Specifically, due to Defendants' Quarter Hour Rounding Policy .41 hours of time were rounded off Plaintiff's time for pay purposes.  Plaintiff

THIERMAN BUCK
325 W. Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com  www.thiermanbuck.com

Stubbins then worked 36.60 hours from April 21, 2021 to April 23, 2021.  Thus, for this two-week pay period, Plaintiff Stubbins was paid for 76 hours of rounded work at her straight time rate.    Due to Defendants' Quarter Hour Rounding Policy, Plaintiff Stubbins was undercompensated for the work completed in excess of forty hours in the first week.  Because she worked more than 40 hours in the first work week, she should have been paid her applicable overtime rate, here, calculated at time and one-half for the .41 hours of overtime for the first week of the pay period or an additional $26.45 ($43 X 1.5 = $64.50 X .41 = $26.45), not including statutory penalties and interest.  In addition, Plaintiff was entitled to three (3) ten-minute rest breaks, which should have been paid at the applicable overtime rate, here, calculated at time and one-half for an additional $32.25 ($64.50 X .5 = $32.25).

  **2.**  **Unpaid Wages.**

  47.  Plaintiff Stubbins' clock records indicate that Plaintiff worked 333 shifts.  Of those shifts, Defendants' Quarter Hour Rounding Policy operated to deprive Plaintiff Stubbins of 1,887 minutes of work in 257 of the 333 shifts worked.  Thus, Defendants' Quarter Hour Rounding policy disadvantaged Plaintiff Stubbins 77.2% of the time.  Accordingly, Defendants failed to pay Plaintiff Stubbins $1,352.41 ($43.00 / 60 = .7167 X 1,887 = $1,352.41) in straight time pay for time worked but rounded off her time for pay purposes and not including statutory penalties and interest.

  48.  In addition, specific to Defendants' Employer Provided Electronic Device Policy, a review of Plaintiff Stubbins clock records indicates that Plaintiff Stubbins worked 333 shifts that required a meal period.  Of those shifts, Defendants' Cerner Mobile Electronic Device Policy deprived Plaintiff of a bona fide duty-free meal period 333 times.  Thus, Defendants' Cerner Mobile Electronic Device Policy deprived Plaintiff of a bona fide duty-free meal period 100% of the time.  Accordingly, Defendants failed to pay Plaintiffs Stubbins $7,159.50 in wages by failing to provide bona fide duty-free meal periods ($43.00 / 2 = $21.50 X 333 = $7,159.50), not including statutory penalties and interest.

  49.  In addition, Plaintiff Stubbins never received a rest break where she was completely relieved of duty due to Defendants' Cerner Mobile Electronic Device Policy.

THIERMAN BUCK
325 W. Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

Plaintiff Stubbins regular schedule was three (3) shifts a week, for 12.5 hours each shift, which would entitle her to at least three (3) ten-minute breaks (3 X 10 = .5 hours), equating to $7,159.50 in wages by failing to provide rest periods ($43.00 / 2 = $21.50 X 333 = $7,159.50) not including statutory penalties and interest.

**3.    Nevada Continuation Wages.**

50.    Plaintiff Stubbins is no longer employed by Defendants.  Plaintiff's statutory continuation wage claim is derivative of her underlying federal and state law claims.  Thus, should Plaintiff be successful on any underlying claim, Plaintiff is entitled to 30 days wages pursuant to NRS 608.040 and an additional 30 days' wages pursuant to NRS 608.050.  Thus, Plaintiff Stubbins is entitled to $32,250.00 ($43.00 X 12.5 = $537.50 X 60 = $32,250.00) in continuation wages.

**COLLECTIVE AND CLASS ACTION ALLEGATIONS**

51.    Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

52.    Plaintiff brings this action on behalf of herself and all other similarly situated and typical employees as both a collective action pursuant to the FLSA and a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

**FLSA Classes**

53.    Plaintiff brings this action on behalf of herself and the following **FLSA Classes** of similarly situated individuals employed by Defendants:

A.    **FLSA Rounding Class:** All nonexempt hourly paid persons employed by Defendants who were subject to Defendants' Quarter Hour Rounding Policy during the relevant time period alleged herein.

B.    **FLSA Mobile Electronic Device Class:** All nonexempt hourly paid persons employed by Defendants who were provided with a mobile electronic device during their workday at any time during the relevant time period alleged herein.

THIERMAN BUCK
325 W. Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com   www.thiermanbuck.com

54.     With regard to the conditional certification mechanism under the FLSA, Plaintiff is similarly situated to those she seeks to represent for the following reasons, among others:

55.     Defendants employed Plaintiff as a non-exempt, hourly-paid employee who did not receive her full wages for all the hours that she worked and, where applicable, overtime premium pay for all hours worked over forty (40) hours in a workweek.

56.     Plaintiff's situation is similar to those she seeks to represent because Defendants failed to pay Plaintiff and all other FLSA Class Members for all time they were required to work, but with the knowledge, acquiescence, and/or approval (tacit as well as expressed) of Defendants' managers and agents.

57.     Common questions exist as to: (1) whether Plaintiff and all other FLSA Rounding Class Members were disadvantaged and deprived wages for hours worked as a result of Defendants' Quarter Hour Rounding Policy, and (2) whether Plaintiff and FLSA Mobile Electronic Device Class Members were completely relieved of duty for their purported meal periods as a result of Defendants' Mobile Electronic Device Policy.

58.     Upon information and belief, Defendants employ, and have employed, in excess of 500 FLSA Class Members within the applicable statute of limitations.

59.     Plaintiff has signed a Consent to Join form (*see* Exhibit B) that is being filed with the Court concurrently herewith.

## **Nevada Classes**

60.     Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

61.     Plaintiff brings this action on behalf of herself and the following **Nevada Classes** of similarly situated individuals employed by Defendants:

      A.     **Nevada Rounding Class:** All nonexempt hourly paid persons employed by Defendants in the state of Nevada who were subject to Defendants' Quarter Hour Rounding Policy during the relevant time period alleged herein.

      B.     **Nevada Mobile Electronic Device Class:** All nonexempt hourly paid persons employed by Defendants who were

COLLECTIVE AND CLASS ACTION COMPLAINT

THIERMAN BUCK
325 W. Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com  www.thiermanbuck.com

provided with a mobile electronic device phone at any time during the relevant time period alleged herein.

C.  **Continuation Wage Class:** All members of the FLSA and/or Nevada Classes who were employed by Defendants during the relevant time period alleged herein who are no longer employed by Defendants.

62.   Rule 23 Class action status is appropriate in this case for the following reasons:

A.   <u>The Classes are Sufficiently Numerous</u>: Upon information and belief, Defendants employ, and have employed, in excess of 500 Class Members within the applicable statute of limitations.   Because Defendants are legally obligated to keep accurate payroll records, Plaintiff alleges that Defendants' records will establish the members of the Class as well as their numerosity.

B.   <u>Common Questions of Law and Fact Exist</u>: Common questions of law and fact exist and predominate as to Plaintiff and Class Members, including, without limitation:

1)   Whether Plaintiff and members of the Nevada Rounding Class were disadvantaged and deprived wages for hours worked as a result of Defendants' Quarter Hour Rounding Policy;

2)   Whether Plaintiff and members of the Nevada Mobile Electronic Device Class were completely relieved of duty for their purported meal periods as a result of Defendants' Mobile Electronic Device Policy;

3)   Whether Plaintiff and members of the Nevada Mobile Electronic Device Class were ever completely relieved of duty for their purported nonproductive rest breaks; and

4)   Whether Plaintiff and members of the Continuation Wage Class are entitled to additional wage compensation as a result of not having been compensated all their final wages due and owing to them at the time of their termination as a result of Defendants' Quarter Hour Rounding Policy and Defendants' Mobile Electronic Device Policy.

THIERMAN BUCK
325 W. Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

C.    Plaintiff's Claims are Typical to Those of Fellow Class Members: Plaintiff was the victim of Defendants' Quarter Hour Rounding Policy, whereby Defendants' Rounding Policy disadvantages employees and does not pay them for all hours worked; Plaintiff was the victim of Defendants' Mobile Electronic Device Policy whereby she was unable to take a bona fide meal period or rest breaks during which she was completely relieved of duty during her workday, which gives rise to meal period and rest break wages; and as a result of the federal and state wage-hour violations set forth herein, Plaintiff is a former employee who was not compensated her full wages due and owing at the time of separation of employment.  Because Plaintiff is the victim of all of the wrongs committed by Defendants, as are all members of the Classes she seeks to represent, Plaintiff's claims are typical of the Class Members.

D.    Plaintiff and her Counsel are Adequate Representatives of the Classes: Plaintiff will fairly and adequately represent the interests of Class Members because Plaintiff is a member of the Classes, she has common issues of law and fact with all members of the Classes, and her claims are typical to other Class Members.  Plaintiff's counsel has the necessary experience and resources to fully, fairly, and adequately represent the interests of Class Members.

E.    A Class Action is Superior/Common Claims Predominate:  A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of all members of the Classes is impractical.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of effort and expense.   Furthermore, the expenses and burden of individualized litigation would make it difficult or impossible for individual members of the Classes to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action.  Individualized litigation would also present the potential for inconsistent or contradictory judgments.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THIERMAN BUCK
325 W. Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com   www.thiermanbuck.com

## **FIRST CAUSE OF ACTION**

**Failure to Pay Overtime Wages in Violation of the FLSA, 29 U.S.C. § 207**

(On Behalf of Plaintiff and all members of the FLSA Rounding and Mobile Electronic Device Classes)

63.     Plaintiff realleges and incorporates by reference all the paragraphs above in the Complaint as though fully set forth herein.

64.     29 U.S.C. § 207(a)(1) provides as follows:  "Except as otherwise provided in the section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

65.     Once the workday has begun, all time suffered or permitted by the employer to be worked by the employee is compensable at the employee's regular rate of pay, whether scheduled or not.

66.     **FLSA Rounding Requirements.**  Rounding of time is not *per se* illegal, however an employer may violate the overtime pay requirements if the employer's policy averages out over a period of time that results in a failure to compensate the employee properly for all time they have actually worked.  *See* 29 C.F. R. § 785.48.

67.     By failing to compensate Plaintiff and FLSA Rounding Class Members for the time spent engaging in pre- and post-shift work that was rounded off their time for pay purposes, Defendants have failed to properly pay Plaintiff and the FLSA Rounding Class Members for overtime hours worked.

68.     **FLSA Meal Period Requirements.**  Employees must be completely relieved from duty for the purpose of eating regular meals.  *See* 29 C.F.R. § 785.19.  Employees are not relieved if they are required to perform any duties, whether active or inactive, while eating.  *Id.* For example, an office employee who is required to eat at his desk or a factory worker who is required to be at his machine is working while eating.  *Id.*

THIERMAN BUCK
325 W. Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

69.     By failing to compensate Plaintiff and FLSA Mobile Electronic Device Class Members for their meal periods because they were never completely relieved of duty, Defendants have failed to pay Plaintiff and the FLSA Mobile Electronic Device Class Members for all regular and overtime hours worked.

70.     Defendants' unlawful conduct has been widespread, repeated, and willful. Defendants knew or should have known that its policies and practices have been unlawful and unfair.

71.     Wherefore, Plaintiff demands for herself and for all others similarly situated that Defendants pay Plaintiff and FLSA Rounding and Mobile Electronic Device Class Members one and one-half times their applicable hourly rate of pay for all hours worked in excess of forty (40) hours a week during the relevant time period together with liquidated damages, attorneys' fees, costs, and interest as provided by law.

## SECOND CAUSE OF ACTION

### Failure to Pay Minimum Wages Pursuant to Constitution and/or NRS 608.250

(On Behalf of Plaintiff and all members of the Nevada Rounding and Mobile Electronic Device Classes)

72.     Plaintiff realleges and incorporates by reference all the paragraphs above in the Complaint as though fully set forth herein.

73.     NRS 608.140 provides that an employee has a private right of action for unpaid wages: "Whenever a mechanic, artisan, miner, laborer, servant or employee shall have cause to bring suit for wages earned and due according to the terms of his or her employment, and shall establish by decision of the court or verdict of the jury that the amount for which he or she has brought suit is justly due and that a demand has been made, in writing, at least 5 days before suit was brought, for a sum not to exceed the amount so found due, the court before which the case shall be tried shall allow to the Plaintiff a reasonable attorney fee, in addition to the amount found due for wages and penalties, to be taxed as costs of suit."  Plaintiff made a demand for unpaid wages upon Defendants pursuant to NRS 608.140, but satisfactory payment was not received.

74.     Article 15 Section 16 of the Nevada Constitution sets forth the minimum wage requirements in the State of Nevada and further provides that "[t]he provisions of this section may not be waived by agreement between an individual employee and an employer. . . .   An employee claiming violation of this section may bring an action against his or her employer in the courts of this State to enforce the provisions of this section and shall be entitled to all remedies available under the law or in equity appropriate to remedy any violation of this section, including but not limited to back pay, damages, reinstatement or injunctive relief.  An employee who prevails in any action to enforce this section shall be awarded his or her reasonable attorney's fees and costs."

75.     NRS 608.250 provides the following minimum wage rates to be paid, without discount, to all Nevada employees:

(a)  Beginning July 1, 2019:
    (1)  If the employer offers health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $7.25 per hour worked.
    (2)  If the employer does not offer health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $8.25 per hour worked.

(b)  Beginning July 1, 2020:
    (1)  If the employer offers health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $8.00 per hour worked.
    (2)  If the employer does not offer health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $9.00 per hour worked.

(c)  Beginning July 1, 2021:
    (1)  If the employer offers health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $8.75 per hour worked.
    (2)  If the employer does not offer health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $9.75 per hour worked.

(d)  Beginning July 1, 2022:
    (1)  If the employer offers health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $9.50 per hour worked.

THIERMAN BUCK
325 W. Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com  www.thiermanbuck.com

THIERMAN BUCK
325 W. Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com  www.thiermanbuck.com

(2)  If the employer does not offer health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $10.50 per hour worked.

(e)  Beginning July 1, 2023:
        (1)  If the employer offers health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $10.25 per hour worked.
        (2)  If the employer does not offer health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $11.25 per hour worked.

76.    Beginning July 1, 2024, the minimum wage is $12.00 per hour worked.

77.    By failing to compensate Plaintiff and Nevada Rounding Class Members for the time spent engaging in the pre-shift and post-shift work that was rounded off their time for pay purposes, Defendants have failed to pay Plaintiff and the Nevada Rounding Class Members their minimum wages for all hours worked in violation of the Nevada Constitution and NRS 608.250. Indeed, zero ($0) dollars is less than the minimum wage.

78.    By failing to completely relieve Plaintiff and Mobile Electronic Device Class Members from all work duties during their meal periods and rest breaks, Defendants have failed to pay Plaintiff and Nevada Mobile Electronic Class Members their minimum wages for all hours worked in violation of the Nevada Constitution and NRS 608.250. Indeed, zero ($0) dollars is less than the minimum wage.

79.    Wherefore, Plaintiff demands for herself and for all Nevada Rounding and Mobile Electronic Device Class Members that Defendants pay Plaintiff and Nevada Rounding and Mobile Electronic Device Class Members their minimum rate of pay for all hours worked (unlawfully rounded work hours and wages for on-duty meal periods and rest breaks) during the relevant time period alleged herein together with attorneys' fees, costs, and interest as provided by law.4

### THIRD CAUSE OF ACTION

#### Failure to Pay Wages for All Hours Worked Under Nevada Law

(On Behalf of Plaintiff and all members of the Nevada Rounding and Mobile Electronic Device Classes)

80.    Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

THIERMAN BUCK
325 W. Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com   www.thiermanbuck.com

81.     NRS 608.140 provides that an employee has a private right of action for unpaid wages.

82.     NRS 608.016 entitled, "Payment for each hour of work; trial or break-in period not excepted" and provides: "[A]n employer shall pay to the employee wages for each hour the employee works. An employer shall not require an employee to work without wages during a trial or break-in period."

83.     Nevada Administrative Code ("NAC") 608.115(1), entitled "Payment for time worked. (NRS 607.160, 608.016, 608.250)" and provides: "An employer shall pay an employee for all time worked by the employee at the direction of the employer, including time worked by the employee that is outside the scheduled hours of work of the employee."

84.     By failing to compensate Plaintiff and Nevada Rounding Class Members for the time spent engaging in the pre-shift and post-shift work that was rounded off their time for pay purposes, Defendants have failed to pay Plaintiff and the Nevada Rounding Class Members their regular rate wages for all hours worked in violation of NRS 608.016.

85.     By failing to completely relieve Plaintiff and Mobile Electronic Device Class Members from all work duties during their meal periods and rest breaks, Defendants have failed to pay Plaintiff and Nevada Mobile Electronic Class Members their regular rate wages for all hours worked in violation of NRS 608.016.

86.     Wherefore, Plaintiff demands for herself and for all members of the Nevada Rounding and Electronic Device Class that Defendants pay Plaintiff and Nevada Rounding and Mobile Electronic Device Class Members their regular rate of pay for all hours worked (unlawfully rounded work hours and wages for on-duty meal periods and rest breaks) during the relevant time period alleged herein together with attorneys' fees, costs, and interest as provided by law.

## FOURTH CAUSE OF ACTION

**Failure to Pay Overtime Wages for All Hours Worked Under Nevada Law**

(On Behalf of Plaintiff and all members of the and the Nevada Rounding and Mobile Electronic Device Classes)

THIERMAN BUCK
325 W. Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

87.     Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

88.     NRS 608.140 provides that an employee has a private right of action for unpaid wages.

89.     NRS 608.018(1) provides as follows:

> An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate less than 1 1/2 times the minimum rate set forth in NRS 608.250 works: (a) More than 40 hours in any scheduled week of work; or (b) More than 8 hours in any workday unless by mutual agreement the employee works a scheduled 10 hours per day for 4 calendar days within any scheduled week of work.

90.     NRS 608.018(2) provides as follows:

> An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate not less than 1 1/2 times the minimum rate set forth in NRS 608.250 works more than 40 hours in any scheduled week of work.

91.     By failing to compensate Plaintiff and Nevada Rounding Class Members for the time spent engaging in the pre-shift and post-shift work that was rounded off their time for pay purposes, Defendants have failed to pay Plaintiff and the Nevada Rounding Class Members their overtime wages for all overtime hours worked in violation of NRS 608.018.

92.     By failing to completely relieve Plaintiff and Mobile Electronic Device Class Members from all work duties during their meal periods and rest breaks, Defendants have failed to pay Plaintiff and Nevada Mobile Electronic Class Members their overtime wages for all hours worked in violation of NRS 608.018.

93.     Wherefore, Plaintiff demands for herself and for all members of the Nevada Rounding and Mobile Electronic Device Class that Defendants pay Plaintiff and Nevada Rounding and Mobile Electronic Device Class Members their overtime rate of pay of 1 ½ times their regular rate of for all hours worked (unlawfully rounded work hours and wages for on-duty meal periods and rest breaks) over 8 hours in a workday and/or over 40 in a workweek during

THIERMAN BUCK
325 W. Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

the relevant time period alleged herein together with attorneys' fees, costs, and interest as provided by law.

**FIFTH CAUSE OF ACTION**

**Failure to Timely Pay All Wages Due and Owing Under Nevada Law**

(On Behalf of Plaintiff and the Continuation Wage Class)

94.     Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

95.     NRS 608.140 provides that an employee has a private right of action for unpaid wages.

96.     NRS 608.020 provides that "[w]henever an employer discharges an employee, the wages and compensation earned and unpaid at the time of such discharge shall become due and payable immediately."

97.     NRS 608.040(1)(a-b), in relevant part, imposes a penalty on an employer who fails to pay a discharged or quitting employee: "Within 3 days after the wages or compensation of a discharged employee becomes due; or … [o]n the day the wages or compensation is due to an employee who resigns or quits, the wages or compensation of the employee continues at the same rate from the day the employee resigned, quit or was discharged until paid for 30-days, whichever is less."

98.     NRS 608.050 grants an "employee lien" to each discharged or laid-off employee for the purpose of collecting the wages or compensation owed to them "in the sum agreed upon in the contract of employment for each day the employer is in default, until the employee is paid in full, without rendering any service therefor; but the employee shall cease to draw such wages or salary 30 days after such default."

99.     By failing to pay Plaintiff and all members of the Continuation Wage Class for all hours worked in violation of federal and state law, Defendants have failed to timely remit all wages due and owing to Plaintiff and all members of the Continuation Wage Class.

100.    Despite demand, Defendants willfully refuse and continue to refuse to pay Plaintiff and all members of the Continuation Wage Class.

101.    Wherefore, Plaintiff demands 30 days wages under NRS 608.140 and 608.040 and an additional 30 days' wages under NRS 608.140 and 608.050 for all members of the Nevada Continuation Wage Class, together with attorneys' fees, costs, and interest as provided by law.

**JURY DEMAND**

Plaintiff hereby respectfully demands a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

Wherefore Plaintiff, individually and on behalf of all similarly situated and typical individuals, prays for relief as follows relating to the collective and class action allegations:

1.    For an order conditionally certifying the action pursuant to the FLSA and providing notice to all members of the FLSA Classes so they may participate in the lawsuit;

2.    For an order certifying the action as a class action pursuant to Rule 23 of the Federal Rule of Civil Procedure on behalf of all members of the Nevada Classes;

3.    For an order appointing Plaintiff as the Representative of the FLSA and Nevada Classes and her counsel as Class Counsel;

4.    For damages according to proof for minimum rate pay for all unpaid hours worked under state law;

5.    For damages according to proof for regular rate pay for all hours worked under both federal and state law;

6.    For damages according to proof for overtime compensation for all overtime hours worked under both federal and state law;

7.    For liquidated damages;

8.    For 60-days of continuation wages, pursuant to NRS 608.140 and 608.040 -.050;

9.    For interest as provided by law at the maximum legal rate;

10.    For reasonable attorneys' fees authorized by statute;

11.    For costs of suit incurred herein;

12.    For pre-judgment and post-judgment interest, as provided by law, and

THIERMAN BUCK
325 W. Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com  www.thiermanbuck.com

13.     For such other and further relief as the Court may deem just and proper.


DATED: September 10, 2024                    THIERMAN BUCK

                                             /s/Leah L. Jones
                                             Joshua D. Buck
                                             Leah L. Jones

                                             *Attorneys for Plaintiff*

THIERMAN BUCK
325 W. Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com  www.thiermanbuck.com